**FILED**

SEP 0 1 2022

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
FOR THE CENTRAL DISTRICT OF CALIFORNIA
GREENBELT DIVISION

In RE: ANDREW LLOYD BARKER

Case No.: 2:22bk-136688-NB *AB*

Andrew Lloyd Barker,
ON BEHALF OF THE ESTATE OF
Andrew Lloyd Barker
Plaintiff, Relator, Ex Rel
16656 Calle Arbolada
Pacific Palisades, California
[90272]
(424) 291- 1490

ADVERSARY PROCEEDING NO.

Declaratory and injunctive relief under title 28 US code 2201 and and 2202, title 11US code. 641 (f) ; Action to Quiet title, and to Trover, wrongful foreclousure, breach of fiduciary duty, action of trespass. AB

v.

BROKER SOLUTIONS, INC. DBA
NEW AMERICAN FUNDING
14511 Myford Road, Suite 100
Tustin, California 92780
LOS ANGELES SHERIFF'S
DEPARTMENT,
EARTHSCAPE INVESTMENTS, INC.

TRIAL BY JURY

DOES 1 through 15, inclusive,
Defendants

_____/

**I. JURISDICTION**

1. This court has jurisdiction to hear this case because: (1.) The Federal Rules of

Bankruptcy Procedure at Rule 7001(2.) provides for a civil process to determine the validity,

priority or extent of a lien or other interest in property. The specific wording in the rule is as

follows: The following are adversary proceedings:…….. (2) **a proceeding to determine the**

**validity, priority, or extent of a lien or other interest in property, other than a proceeding**

**under Rule 4003(d). The Plaintiff is Andrew Lloyd Barker, who is acting on behalf of the**

**bankruptcy estate in a fiduciary capacity and is seeking to obtain justice on behalf of the**

**Estate of the petition filer with reference to serious violations of the Truth in Lending Act**

**especially failure to disclose the identity of the Assignee of the note and Deed of Trust,**

**pursuant to The Truth In-Lending Act at Section 1641(g) and 1641(f) and an act of**

**wrongful foreclosure by BROKERS SOLUTIONS, INC. DBA NEW AMERICAN**

**FUNDING that has the effect of a stranger to the transaction foreclosing on the Debtors**

**property.** The Plaintiff invokes Title 28, US Code, § 1367, which provides for the filing of state

law claims in a civil case filed in Federal court where they are related and part of the same

transaction and case or controversy.

2. Rule 7001 also provides for injunctive relief in order to enforce the jurisdictional

powers exercised by the bankruptcy court as follows: (7) **a proceeding to obtain an injunction**

**or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter13**

**plan provides for the relief;…**

3. In addition, Rule 7001 provides for declaratory relief for the Plaintiff in an adversary

proceeding, in order to assist in exercise of jurisdiction of any of the powers described in Rule

7001 as follows: (9) **a proceeding to obtain a declaratory judgment relating to any of the**

**foregoing; or…..(10) a proceeding to determine a claim or cause of action removed under**

**28 U.S.C. § 1452.**

4. Also, Title 15 US Code, Sections 1641(g) and 1641(f) can be invoked where the

Defendants have misrepresented their status or the extent of their claim. The Plaintiff/ Relator is

a homeowner, whose rights have been set aside by certain court actions AND administrative actions, including a non-judicial foreclosure and an Unlawful Detainer Case that was filed but was never served upon me or my tenant that should never have been commenced based upon the above facts alleged below. The Plaintiff is filing this civil case in the interest of urgency and to prevent irreparable harm as a Relator on behalf of the Trustee until the Trustee takes a primary role in this matter. The loss of a persons home is a traumatic event, especially when the loss is a result of an unlawful act by a stranger to a mortgage transaction, in violation of the law, is widely considered to be irreparable harm.

## II. STATEMENT OF FACTS OF THE CASE

5. The Defendants and all of them have deliberately and with malice raced at break-neck speed towards foreclosure and eviction of the Plaintiffs from their home in absolute defiance of several provisions of the Truth in Lending Act, at Title 15 US Code, § 1641(f) and 1641(g), which compels the loan servicer to reveal the identity, address and phone number of the assignee of the note and deed of trust or mortgage. This was not done. I sent a series of letters to the lender requesting that the identify the name and address of the actual assignee of the note and deed of trust.

6. After several phone calls and several weeks BROKER SOLUTIONS, INC. DBA NEW AMERICAN FUNDING steadfastly refused to respond to my qualified written request. It is important to note that BROKERS SOLUTIONS, INC. is not a bank and is not a lender they are a table funder, and therefore they have no money to loan and no state or federal bank charter to allow them to issue funding for loans. They are in the business of brokering loans, according to the various websites, and people in the industry. They have acted as if they have powers to enforce the note even though they have not proven their ownership interest in the note and have

1 not proven their possession of the original note, and it is impossible for them to loan money

2 without a state or federal banking charter, and it is well known that they are a table funder and do

3 not loan money, and they resell all of their loans primarily to Fannie Mae Freddie Mac and

4 Ginnie Mae. The Defendants have a common law duty to bring forward evidence that they are in

5 possession of the note and either (1.) acting in their capacity as an assignee of the note and Deed

6 of Trust; or (2.) currently in possession of the note and Deed of Trust. The original note was

7
8 executed by Andrew Lloyd Barker, with BROKER SOLUTIONS, INC. DBA NEW

9 AMERICAN FUNDING.

10     7. BROKER SOLUTIONS DBA NEW AMERICAN FUNDING also have a duty to

11 bring forward the name address and phone number of the assignee of the note, as required under

12 the Truth-In-Lending Act, Title 15 US Code §§ 1641(f) and 1641(g). Title 15 US Code §

13 1641(f)(2) states, in relevant part as follows:

14

15 **(2) Servicer not treated as owner on basis of assignment for administrative convenience**

16 *A servicer of a consumer obligation arising from a consumer credit transaction shall not be*
*treated as the owner of the obligation for purposes of this section on the basis of an assignment*

17 *of the obligation from the creditor or another assignee to the servicer solely for the*

18 *administrative convenience of the servicer in servicing the obligation. Upon written request by*

19 *the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the*

20 *name, address, and telephone number of the owner of the obligation or the master servicer of the*
*obligation.* [Emphasis Added.]

21

22     8. BROKER SOLUTIONS DBA NEW AMERICAN FUNDING also have a duty to

23
24 bring forward the name address and phone number of the assignee of the note, as required under

25 the Truth-In-Lending Act, Title 15 US Code §§ 1641(f) and 1641(g). Title 15 US Code §

26 1641(g) states, in relevant part as follows:

27

28

**Title 15 US Code § 1641(g) Notice of new creditor**

**(1) In general**

In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including-

(A) the identity, address, telephone number of the new creditor;

(B) the date of transfer;

(C) how to reach an agent or party having authority to act on behalf of the new creditor;

(D) the location of the place where transfer of ownership of the debt is recorded; and

(E) any other relevant information regarding the new creditor.

**(2) Definition**

As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

9.    BROKER SOLUTIONS, INC. DBA NEW AMERICAN FUNDING as Claimant, participated in contract and commercial activity in respect to a Non-Negotiable Instrument Note, which is attached to a bond, which is expressly governed by Federal law and the Uniform Commercial Code which are uniform statutory laws of all of the United States of America including the District of Columbia and all fifty states. As the Plaintiff/Relator, I make the claim that the instrument/obligation became voidable when the Defendants participated in fraudulent and illegal activity, violating the rules and the laws under which the note/instrument bond is expressly governed.

10.    BROKER SOLUTIONS, INC. DBA NEW AMERICAN FUNDING is not a lender and cannot foreclose as a non-lender because they are not the holder in due course of the note

and are not the assignee of the note and deed of trust. They also did not loan money. Instead, they sold the note to someone, an unknown lender who funded the loan. They are not a hard money lender. They are not a state or federally chartered bank and can only sell the note and deed of trust to a third party when they acquire a new loan, as a table funder.  Consequently, BROKER SOLUTIONS, INC. DBA NEW AMERICAN FUNDING has no authority under the note and deed of trust to hold a trustee's sale and foreclose on my loan.

11. Furthermore, the Defendants never brought forward evidence that they provided the proper notification regarding any alleged assignment of the note or specifically what rights were assigned, which is required under Uniform Commercial Code, see Kirby v. Palos Verdes Escrow Company, 183 Cal App. 3d 57, at 227 (1986). Also, there was no evidence advanced that BROKER SOLUTIONS, INC. DBA NEW AMERICAN FUNDING or others were in possession of the note or security instrument, a requirement for enforcement, see Matter of Staff Mortg. & Inv., 550 F 2d 1228 (Ninth Circuit, 1977), also cited in Kirby, supra. It appears that BROKER SOLUTIONS, INC. DBA NEW AMERICAN FUNDING is a stranger to the transaction and does not have the right of enforcement of the note and Deed of Trust as a stranger.

12. The burden of Proof is on the alleged creditor to show that the mortgaged property can be duly foreclosed by them and that claim and title to the mortgage or deed of trust is duly perfected. The term "duly" implies that all of those elements to a valid assignment exists. Title is duly perfected when all steps have been taken to make it perfect, that is to convey to purchaser that which he has purchased is valid and good beyond all reasonable doubt. The judicial foreclosure is a violation of the Uniform Commercial Code, § 3-301, which mandates that the creditor must be in possession of the note or meet specific requirements under UCC § 3-309 for establishing that they have a lost note. In addition, the note has to be endorsed, either with a

blank endorsement or a special endorsement in which the note must be endorsed to the holder-in-due-course. It is likely that the table funder BROKER SOLUTIONS, INC. DBA NEW AMERICAN FUNDING has sold the note to a third party who funded the loan through a REMIC.

13. As discussed, I, Andrew Barker, the Plaintiff, Ex Rel have requested in writing, through a qualified written request mailed to BROKER SOLUTIONS, INC. DBA NEW AMERICAN FUNDING, full disclosure of the assignee of the note. They have steadfastly refused to respond to the request, in violation of Title 15 US Code, §§ 1641(f) and 1641(g). Their refusal to respond is clearly an indication that they have something to hide.

14. In addition, Executives and management level employees within the banking and securitization industries have admitted that they have been scanning and destroying almost all of the promissory notes that they have securitized. As a result, the promissory notes that remain are e-notes and are unenforceable when the notes, such as the ones used for mortgages and Deeds of Trusts are governed by Uniform Commercial Code. Title 15, US Code, § 7003 makes it clear that an e-note cannot be enforced whenever the notes are governed by the UCC and the equivalent under state law. I need to see the original note to determine who the actual holder-in-due-course is.

15. As discussed above the Defendant, BROKER SOLUTIONS, INC. DBA NEW AMERICAN FUNDING does not have the note in their possession. Their refusal to respond after multiple phone calls and multiple written requests, sent by Certified mail, is tacit admission that they are not the lender. If they are the actual assignee only have only a scanned copy, which is also referred to as an e-note, it does not meet the requirements under the UCC and state Commercial law for an assignment under Real Estate law, see Title 15 US Code, §§ 7003, 7001.

The current practice by the Securitizers is to destroy the notes when they are securitized. As a result the note, if the Defendants can supply one, will be an e-note and it is unenforceable in the context of Title 15 US Code, § 7003. Any electronic transfers of the Andrew Lloyd Barker note that may have been executed without recording an Assignment of Deed of Trust to the REMIC within the Official Records of the Los Angeles County Recorder's Office are void under Uniform Electronic Transactions Act (UETA) US Code § 15-96-1-7003, which states as follows:

*US Code § 15-96-1-7003 (a) Excepted requirements*

*The provisions of section 7001 of this title shall not apply to a contract or other record to the extent it is governed by—*

*(3) the Uniform Commercial Code, as in effect in any State, other than sections 1–107 and 1–206 and Articles 2 and 2A.*

16. The **original** note, has never been presented or shown by the Defendants, and so the note has not been exhibited, even though we demanded in writing that the alleged creditor "exhibit the instrument" as required under UCC § 3-501(b)(2), and they failed to do so, proving that they do not have the original note in their possession.

17. A real estate investor, EARTHSCAPE INVESTMENTS, LLC purchased from, BROKER SOLUTIONS, INC. DBA NEW AMERICAN FUNDING, who is **not an assignee OF THE NOTE AND DEED OF TRUST** and is not allowed to function as an assignee under Title 15 US Code, § 1641(f), as discussed. They cannot, therefore, instruct the trustee to issue a notice of default, and subsequently instruct the trustee to sell the subject property in a foreclosure sale. BROKER SOLUTIONS, INC. DBA NEW AMERICAN FUNDING lacked standing and

capacity to foreclose on the subject property.

18. The Defendant BROKER SOLUTIONS, INC. DBA NEW AMERICAN FUNDING as well, have violated the above provisions of law, since they cannot establish their property interest in the note, pursuant to UCC 3-203, UCC 3-301, UCC 3-501(b)(2), UCC 3-305 and UCC 3-201, and 3-309 (the procedure used for a lost note) and the equivalent under state law. An e-note is not the same as an original note as discussed pursuant to Title 15 US Code, Section 7003. The Los Angeles County Superior Court will be asked to act in a contractor relationship with the other Defendants, setting aside their proper role as a gatekeeper of the courts to make sure that the courts do not allow a law firm, such as MICHAEL C. EARLE, or a Plaintiff such as EARTHSCAPE INVESTMENTS, LLC to file a civil action without standing.

19. As discussed, the original table funder never loaned any money but sold the loan immediately after I signed it without the full disclosure and without compliance with the Truth-in-Lending-Act, which is required under Title 15 US Code, § 1641(g) and other Federal and state laws related to loan origination and servicing and learned that they violated a number of provisions of the Truth-In-Lending-Act. I mailed them several letters requesting the identity of the assignee of the note and deed of trust, which they steadfastly refused to respond to from either mailed requests or telephone requests see **Exhibit A, attached and incorporated by reference.**

20. Pursuant to Title 15 US Code, Section 1640(a)(2)(B) the civil liability for violations of the Truth in Lending Act in the case of a class action is $ 1,000,000.00 or 1 per centum of the net worth of the creditor. I, Andrew Lloyd Barker, the Plaintiff/ Relator ex rel, am exercising my rights under Title 15 US Code, § 1641(c) and 1641(d) with respect to the right of rescission and

the right seek damages under the Truth-in-Lending-Act for violation, described in this civil action.

21. Given that the failure to bring forward the original note as requested, and the defective claims by the Defendants, especially, BROKERS SOLUTIONS, INC. DBA NEW AMERICAN FUNDING, and the recorded an Assignment of Deed of Trust in which the alleged holder of the Deed of Trust is claimed to be BROKERS SOLUTIONS, INC. DBA NEW AMERICAN FUNDING, which is an absolutely false statement and is designed to deliberately mislead the Plaintiff. The assignment of Deed of Trust did not identify the true name of the assignee of the deed of trust and misstates the actual assignee of the Deed of Trust as BROKERS SOLUTIONS, INC. DBA NEW AMERICAN FUNDING, as the assignee of the Deed of Trust in their capacity as a loan servicer in violation of Title 15 US Code, § 1641(f).

22. In my Qualified Written Request, I asked the loan servicer to supply the name of the true assignee, which they refused to do, and which is a lawful demand to supply me with the true name, address and phone number of the assignee of the note and deed of trust as required under Title 15 US Code Section 1641(g) as discussed. In order to discover whether or not the actual assignee is the holder of the note, I now require the Defendant, BROKERS SOLUTIONS, INC. DBA NEW AMERICAN FUNDING bring forward the original note for my inspection, under UCC 3-501. In order to ascertain the genuineness of the Defendants claim as a creditor I need to see the original note. Uniform Commercial Code Section 3-501(b)(2) makes it mandatory for the creditor, making demands for payment to **EXHIBIT THE INSTRUMENT,** see UCC 3-501(b)(2). That Section of law makes the production of the note mandatory. The ownership of the note and mortgage cannot be split. As a result, the sale and assignment of the Deed of Trust and presumably the note by MERS as a nominee of BROKERS SOLUTIONS, INC. DBA NEW AMERICAN FUNDING never was a valid or enforceable transfer. I need to learn who has a

documented enforceable interest in the note and deed of trust. **In addition, the signer of the Assignment appears to be an employee of FIRST AMERICAN MORTGAGE SOLUTIONS and not a MERS executive, as alleged. MERS does not have an office in Idaho Falls, Idaho, however, MERS does have offices in Idaho Falls, Idaho, see Exhibit B, attached and incorporated by reference.** MERS headquarters is in Reston, Virginia. In addition, the Assignment of Deed of Trust, see **Exhibit B**, attached and incorporated by reference, which was signed and recorded on June 21st of 2019. The signer of the Assignment of the Deed of Trust, claiming to be a MERS executive, without any credentials, such as an appointment from the Board of Directors of MERS as a Vice President. Normally, when dealing with a corporate executive, third parties require confirmation of the legal status of a corporate officer to confirm their status as someone who has actually been appointed by the Board of Directors of a corporation. BROKERS SOLUTIONS, INC. DBA NEW AMERICAN FUNDING cannot assign the Deed of Trust to themselves, which is what they have done with this document. Also, as discussed above, MERS cannot act as an agent of BROKERS SOLUTIONS, INC. DBA NEW AMERICAN FUNDING without an agency relationship by way of a power-of-attorney on file with the County Recorder in Los Angeles County. See Paragraph 24 below for a more fully developed exposition of the issues regarding the lack of an agency status for MERS.

23. As discussed, there is also a great deal of doubt as to whether or not MICHAEL C. EARLE, ESQ. or BROKERS SOLUTIONS, INC. DBA NEW AMERICAN FUNDING have the note in their possession. They appear to only have an e-note, which of course is a scanned electronic copy of the original. And of the question of ownership of the note is a vital part of determining who has the right to foreclose and sell the property. This calls into question the validity of the foreclosure and demonstrates that the title is not duly perfected. **We are being led to believe that BROKERS SOLUTIONS, INC. DBA NEW AMERICAN FUNDING is the**

**holder of the note and mortgage, with only hearsay evidence. They are not a federally or**

**state chartered bank so they cannot be a lender, since they have not been authorized to**

**loan money by way of a bank charter.**

24. **There is no chain of title for the note from BROKERS SOLUTIONS, INC. DBA**

**NEW AMERICAN FUNDING, to the actual assignee of the note. In addition, the note and**

**mortgage cannot be split, see Carpenter v. Longan, 16 Wall. 271, 83 U.S. 271, 21 L.Ed. 313**

**(1872).**

25. As a result of the foregoing, the Defendants have not established, with admissible

evidence, that any of them are the holder of the note and cannot foreclose or instruct their agents

to conduct a foreclosure sale, because they are not the beneficiary of the note and mortgage, as

discussed above. They have not supplied documents in which they have made sworn statements,

signed in front of a notary and supplied evidence about who holds the note and the ownership of

the note. With all of the conflicting documents and consequent confusion regarding who the

actual note holder is and assignee of the Deed of Trust is, the attempt by BROKERS

SOLUTIONS, INC. DBA NEW AMERICAN FUNDING. The lack of a documented

enforceable interest in the note and Deed of Trust is void, making the foreclosure civil case void

ab initio. On their Website, BROKERS SOLUTIONS, INC. DBA NEW AMERICAN

FUNDING states that they are assigning their loans to Freddie Mac, Fannie Mae and Ginnie

Mae, see **Exhibit C**, attached and incorporated by reference. All of the documents recorded and

filed prior to, during and after the foreclosure violated the terms **of the Deed of Trust, because**

**only the current alleged lender or assignee can foreclose and there is no evidence from the**

**Defendants that they are the holder of the note or the holder-in-due-course. Additionally,**

**the flawed pre-foreclosure documents that have been recorded, such as the Assignment of**

**Deed of Trust are filed by a stranger to the transaction and cannot be relied upon to support the foreclosure of the subject property.** There is a broken chain of title to the note, from the original lender to the alleged current creditor, whoever that turns out to be. There is no evidence brought before any court that title was duly perfected as required under state law. Unlike a landlord tenant case in a mortgage foreclosure, title becomes an issue. Duly perfected title must include all necessary steps to make it perfect and must be valid and good beyond all reasonable doubt. As a result of the foregoing, the title is not duly perfected, the Defendants do not have good and perfected title and the foreclosure is invalid and void, meaning that the Los Angeles County Courts, when asked to hear a foreclosure/eviction case, do not have jurisdiction to hear this foreclosure/eviction case. BROKERS SOLUTIONS, INC. DBA NEW AMERICAN FUNDING, are named because they have violated the terms of the Deed of Trust, the federal and state laws described in this complaint, including but not limited to the Truth in Lending Act.

26. EARTHSCAPE INVESTMENTS, LLC is named because they purchased the property from someone who is not authorized under the deed of trust, and federal and state law to foreclose and together with BROKERS SOLUTIONS, INC. DBA NEW AMERICAN FUNDING have not met any of the requirements of the above sections of Uniform Commercial Code, to demonstrate that they are the holder of the note and entitled to enforce the note and deed of trust as discussed above and several important requirements placed upon creditors by the appeals courts in California. As a result, BROKER SOLUTIONS, INC, DBA NEW AMERICAN FUNDING are strangers to the transaction and they have absolutely no property interest in the note and Deed of Trust, for reasons previous discussed. EARTHSCAPE INVESTMENTS INC. has filed an eviction civil case against me to obtain ownership and control of my home. The foreclosure case is an eviction case against me, designed to obtain control and possession of the subject property and is the last part of the debt collection process.

27. MICHAEL C. EARLE have assisted the other Defendants in filing an eviction case to obtain unlawful control and ownership of the subject property. I ask that MICHAEL C. EARLE send me the contract or agreement signed and executed by salaried employees of MERS and BROKER SOLUTIONS, INC. DBA NEW AMERICAN FUNDING and under the REAL PROPERTY Laws of California,  California Statute of Frauds, Civil Code § 1624, authorizing MERS and subsequently under the Laws of Agency to transfer and assign an Ownership Interests in my Real Property as a Nominee for BROKER SOLUTIONS, INC. DBA NEW AMERICAN FUNDING ("A nominee of the owner of a note and mortgage may not effectively assign the note and mortgage to another for want of an ownership interest in said note and mortgage by the nominee.") In re: FERREL L. AGARD, Case No. 810-77338-reg. Doc 41-1 02/10/11. Because MERS's members, the beneficial note holders, purported to bestow upon MERS interests in real property sufficient to authorize the assignments of mortgage, the alleged agency relationship must be committed to writing by application of the statute of frauds, see California Civil Code 1624, the California Statute of Frauds. A power of attorney is necessary to show how the agent is vested with authority to assign a mortgage, HSBC BANK, USA, NA v, Yeasmin, 866 NY S 2d 92(2008). A number of Judges around the nation have evaluated the status of MERS and their relationship with lenders and have concluded that MERS does not have a sufficient agency relationship with the lender that gives them the powers to assign a note or mortgage Because MERS's members, the beneficial note holders, purported to bestow upon MERS interests in real property sufficient to authorize the assignments of mortgage, the alleged agency relationship must be committed to writing by application of the statute of frauds.

28. In *LaSalle Bank, N.A. v. Bouloute* the court concluded that MERS must have some

evidence of authority to assign the mortgage in order for an assignment of a mortgage by MERS to be effective. Evidence of MERS's authority to assign could be by way of a power of attorney or some other document executed by the original lender. *See Bouloute*, 2010 WL 3359552, at *1; *Alderazi*, 900 N.Y.S.2d at 823 ("'To have a proper assignment of a mortgage by an authorized agent, a power of attorney is necessary to demonstrate how the agent is vested with the authority to assign the mortgage.'") (quoting *HSBC Bank USA, NA v. Yeasmin*, 866 N.Y.S.2d 92 (N.Y. Sup. Ct. 2008)).

29. Other than naming MERS as "nominee", the Deed of Trust also provides that the Borrower transfers legal title to the subject property to MERS, as the Lender's nominee, and acknowledges MERS's rights to exercise certain of the Lender's rights under state law. This too, is insufficient to bestow any authority upon MERS to assign the mortgage. In *Bank of New York v. Alderazi*, the court found "[t]he fact that the borrower acknowledged and consented to MERS acting as nominee of the lender has no bearing on what specific powers and authority the lender granted MERS." *Alderazi*, 900 N.Y.S.2d at 824. Even if it did bestow some authority upon MERS, the court in *Alderazi* found that the mortgage did not convey the specific right to assign the mortgage. The Court agrees with the reasoning and the analysis in *Bouloute* and *Alderazi*, and the other cases cited herein and finds that the Mortgage, by naming MERS a "nominee," and/or "mortgagee of record" did not bestow authority upon MERS to assign the Mortgage. See also Bank of America, NA v. Greenleaf, 2014 ME 89, (Maine Sup Ct, 2014) the Court in B of A v. Greenleaf, supra at page 2, stated, "We agree that the Bank lacks standing to seek foreclosure of the property, and we vacate the judgment." They stated further: "[¶16] When MERS then assigned its interest in the mortgage to BAC, it granted to BAC only what MERS possessed—the right to record the mortgage as nominee—because MERS could not have granted

to another person or entity any greater interest in the mortgage than that enjoyed by MERS. *See Sturtevant v. Town of Winthrop*, 1999 ME 84, ¶ 11 n.4, 732 A.2d 264 (stating that "an assignee has no greater rights than his assignor")." See also In re Ferrel Agard, US Bankruptcy Court Eastern District Of New York, 10-77338-reg, "However, without more, this Court finds that MERS's "nominee" status and the rights bestowed upon MERS within the Mortgage itself, are insufficient to empower MERS to effectuate a valid assignment of mortgage." The Court went on to say: the Treasurer of MERS, William C. Hultman, declared under penalty of perjury that "pursuant to the MERS's Rules of Membership, Rule 2, Section 5. . . First Franklin appointed MERS to act as its agent to hold the Mortgage as nominee on First Franklin's behalf, and on behalf of First Franklin's successors and assigns." (Affirmation of William C. Hultman, ¶7). However, Section 5 of Rule 2, which was attached to the Hultman Affirmation as an exhibit, contains no explicit reference to the creation of an agency or nominee relationship. Consistent with this failure to explicitly refer to the creation of an agency agreement, the rules of membership do not grant any clear authority to MERS to take any action with respect to the mortgages held by MERS members, including but not limited to executing assignments."

30. Because MERS's members, the beneficial note holders, purported to bestow upon MERS interests in real property sufficient to authorize the assignments of mortgage, the alleged agency relationship must be committed to writing by application of the statute of frauds.

31. That there was no contract or agreement between BROKERS SOLUTIONS, INC. DBA NEW AMERICAN FUNDING  and MERS under § 1624 of The Civil Code of California, the Statute of Frauds, granting MERS and the ROBO SIGNER, Kayla Schroeder,

powers of attorneys as Assignors on June 21st, 2019 and MERS. Therefore, BROKERS

SOLUTIONS, INC. DBA NEW AMERICAN FUNDING lack the requisite requirements under

California law as Real Parties-of-Interest, with Standing and Capacity under California Code of

Civil Procedure § 367, which states "Every action must be prosecuted in the name of the real

party in interest, except as otherwise provided by statute. The Foreclosure Action Fails to state a

Claim upon which the Superior Court of Los Angeles County May Grant Relief under California

Code of Civil Procedure § 367, wherein EARTHSCAPE INVESTMENTS, LLC has filed an

unlawful detainer against me without first having purchased the subject property at 155 WEST

51ST Street, Los Angeles, California from someone with a documented enforceable interest in the

note and deed of trust. As Affirmative Defenses and as a Threshold Issue under Article 111 §§ 1

ARTICLE III SECTIONS 1 & 2 of the Federal Constitution and § 367 of the California Code of

Civil Procedure.

32. Because MERS's members, the beneficial note holders, purported to bestow upon

MERS interests in real property sufficient to authorize the assignments of mortgage, the alleged

agency relationship must be committed to writing by application of the statute of frauds, § 367 of

the California Code of Civil Procedure and Civil Code §1624 of the STATUTE OF FRAUDS of

California as discussed above.

33. The Word "NOMINEE" does not empower MERS to effectuate an assignment of

the mortgage. The above cases hold that MERS may not validly assign a mortgage or deed of

trust based on its nominee status, absent some evidence of specific authority to assign the

mortgage or deed of trust and does not empower MERS to effectuate an assignment of the

mortgage. The above statute holds that MERS may not validly assign a mortgage based on its

nominee status, absent some evidence of specific authority to assign the mortgage.

34. I ask that MICHAEL C. EARLE, ESQ., the ATTORNEY FOR EARTHSCAPE INVESTMENT, INC. send me a certified copy of the Durable Power of Attorney under the California Probate Code. The Word "NOMINEE" does not empower MERS to effectuate an assignment of the mortgage. The above-cited cases hold that MERS may not validly assign a mortgage based on its nominee status, absent some evidence of specific authority to assign the mortgage and does not empower MERS to effectuate an assignment of the mortgage. These cases hold that MERS may not validly assign a mortgage based on its nominee status, absent some evidence of specific authority to assign the mortgage.

35. I am in possession of Transcripts from Sworn Testimony from William C. Hultman the Corporate Secretary of the Fictitious Mortgage Electronic Registration System in the SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION - ATLANTIC COUNTY F-10209-08 BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2005-AB3 Plaintiff(s), vs. VICTOR and ENOABASI UKPE Defendant(s) dated April 7, 2010 that evidences the following

a)That MERS does not have any Salaried Employees.

b). That the first iteration of MERS has not existed since June 30th, 1998 see transcripts lines 21-26 page 92.

In addition, there was no contract or agreement between BROKERS SOLUTIONS, INC. DBA NEW AMERICAN FUNDING, and MERS under § 1624 of the Maryland Statute of Frauds, granting MERS and the ROBO SIGNER, Kayla Schroeder, powers of attorney as Assignors on June 21st, 2019 and MERS on the Assignment of Deed of Trust. Therefore, EARTHSCAPE INVESTMENTS, LLC lacks the requisite requirements under California Civil Code § 1624, and

1   California Code of Civil Procedure § 367 as Real–Parties-of-Interest with Standing and Capacity

2   under said statutes. Consequently, the Foreclosure Action does not state conditions precedent

3   under said statutes. The Unlawful Detainer action fails to state a Claim upon which the Superior

4   Court of Los Angeles County May Grant Relief. This is an Affirmative Defenses and as a

5   Threshold Issue under Article 111 §§ 1 & 2 of the Federal Constitution and California Civil

6   Code § 367.

7

8

9                                    **FIRST CAUSE OF ACTION**

10          **Violation of The Truth in Lending Act 15 USC, § 1641, et seq and**

11

12    **DECLARATORY AND INJUNCTIVE RELIEF Pursuant to Title 28, USC § 2201 and
      2202 and Title 15 US Code § 1641 et seq.**

13

14            **VIOLATION OF THE FEDERAL TRUTH IN LENDING ACT**

15    **Against all Defendants**

16          36. *All of the above Paragraphs of this Complaint are hereby incorporated by reference*

17    *as though fully set forth herein.*

18

19          37. The Plaintiff can make ask the court to order the Defendant, BROKERS

20    SOLUTIONS INC. DBA NEW AMERICAN FUNDING pursuant to Title 15 US Code, §§

21    1641(f) and 1641(g). to bring forward the name, address and phone number of the assignee of the

22    note and deed of trust, as required under Federal statutes at Title 15 US Code § 1641(g), and §

23    1641(f). The Plaintiffs hereby make this claim for recoupment under Title 15 US Code, § 1640.

24    Section 1640 a (2) (B) states as follows: I, the Plaintiff/Relator as borrower purchased the

25    property with BROKERS SOLUTIONS, INC. DBA NEW AMERICAN FUNDING

26

27

28

_____
                    ADVERSARY PROCEEDING Page 19

38. **I, the borrower, and Debtor, did further send a written notice, by certified mail, as a qualified Written Request, to BROKERS SOLUTIONS INC. DBA NEW AMERICAN FUNDING, on several occasions, asking them to supply me with the name of the assignee of the note and deed of trust. The loan servicer, BROKERS SOLUTIONS INC. DBA NEW AMERICAN FUNDING refused to respond over the phone or through the mail** in response to my qualified written request. It appeared that they were very concerned about this disclosure, and decided to refuse to give me the information. They were obviously attempting to cover up the information about who the assignee is. I ask for declaratory relief only from the Los Angeles County Sheriff, in the form of a court order commanding said Sheriff to refrain from enforcement of the eviction order from the Unlawful Detainer case that was filed until such time as this matter can come to trial and become finally decided.

39. The loan servicer, BROKERS SOLUTIONS INC. DBA NEW AMERICAN FUNDING is a table funder and does not have money to loan. Instead, they sell their notes and deeds of trust to third parties, such as Fannie Mae, Freddie Mac and Ginnie Mae. On their website, the loan servicer states they refer to themselves as a Fannie Mae, Freddie Mac and Ginnie Mae direct lender, seller and servicer, see **Exhibit C**, attached and incorporated by reference.  This table funder or loan broker does not have a source of money to loan. This is why they sell their loans to third parties.

40. The duty to make full disclosure of the assignee of the note and deed of trust is unequivocal, and mandatory. The reason why they did not want to disclose this information is that they would have to admit that they did not have standing and capacity to foreclose, especially, in the light of the requirements under Title 15 US Code, §§ 1641(f) and 1641(g).

41. I ask the court for an order compelling the loan servicer, BROKERS SOLUTIONS

INC. DBA NEW AMERICAN FUNDING to fully disclose the requested information as follows:

**One**. The name, address and phone number of the assignee of the Andrew Lloyd Barker loan that was made for the house at 155 West 51st Street, Los Angeles, California.

**Two**. The date that the Assignment was made and the County where the transaction was recorded.

**Three**. How to reach an agent or party having authority to act on behalf of the new creditor.

**Four**. The location of the place where transfer of ownership of the debt is recorded.

**SECOND CAUSE OF ACTION**
**(Breach of Fiduciary Duty)**

**Against BROKERS SOLUTIONS, INC. DBA NEW AMERICAN FUNDING**

42.    *All of the above Paragraphs of this Complaint are hereby incorporated by reference as though fully set forth herein.*

43. A broker of services relating to real estate located in California has a fiduciary duty to the recipient of such services of fair dealing and full disclosure and the utmost protection of said recipient's interest in a transaction.

44. In executing the loan documents BROKERS SOLUTIONS INC. DBA NEW AMERICAN FUNDING had a fiduciary duty to Andrew Lloyd Barker to make full disclosure to me, as the borrower, about the assignment of the note and deed of trust or mortgage, including, the date of the transfer, the identity of the actual assignee, the address and phone number of the

new lender, and the location of the place where the transfer of the loan was recorded. The loan

broker has a duty to me to make full disclosure and has fiduciary duty to me under California

Civil Code Section § 2923.1 to place my economic interests above their own.

45. BROKERS SOLUTIONS INC. DBA NEW AMERICAN FUNDING violated its

fiduciary duties to Andrew Lloyd Barker by acting in its own interests in the following manner:

(A) by failing to make contact with me through the mail and over the telephone or in person and

offer me an alternative to foreclosure, evaluate the homeowner's financial situation and explore

options to avoid foreclosure such as a loan modification, see California Civil Code § 2923.4,

2923.5. The Defendant, BROKERS SOLUTIONS, INC. DBA NEW AMERICAN FUNDING,

by through their trustee, failed to comply with Civil Code § 2924 which mandates that a Notice

of Default must not be filed until 30 days after contact is made with the borrower, as required by

paragraph 2, or until thirty days after the due diligence requirements as described in subdivision

(g). The Notice of Trustees Sale does not have the required Declaration of Due Diligence as

required under Civil Code § 2923.5 stating that the Defendant borrower was affirmatively

contacted in person or by telephone to assess the borrower's financial situation and explore

options for the Defendant to avoid foreclosure.

46. These conditions precedent for lawful foreclosure under California law were never

complied with as required under the above cited statutes.

(B) by failing to supply factual evidence that they are the holder in due course of the note and

deed of trust and have met the requirements under California Civil Code § 2932.5., especially

where it is well known that they do not retain ownership of any of their loans and sell them to

Fannie Mae, Freddie Mac or Ginnie Mae.

47. The trustee that conducted the non-judicial foreclosure sale was not a holder in due

course of the original note because the note was rendered non-negotiable by the manner in which

the assignment was attempted, invalidating the note and resulting Trustees Deed Upon Sale of

which denies ERATHSCAPE INVESTMENTS, INC. standing to seek possession of the subject

property. The Trustees Deed Upon Sale is also void because the alleged assignee is not the

assignee of the Deed of Trust, as discussed because they sell all of their loans immediately after

obtained the loan documents.

48. I, Andrew Barker, have been damaged by a wrongful foreclosure, which is a breach

of fiduciary duty in the form of financial loss.

49. BROKERS SOLUTIONS, INC. DBA NEW AMERICAN FUNDING's actions were

intentional, willful and wanton, and justify the imposition of punitive damages.

50. Due to BROKERS SOLUTIONS, INC. DBA NEW AMERICAN FUNDING's

breach of its fiduciary duty to Andrew Lloyd Barker, the plaintiffs are entitled to compensatory

and punitive damages, and any other relief this court deems proper.

51. Further, The California Supreme Court has ruled in Yvanova v. New Century

Mortgage, 62 Cal. 4th 919 (Calif Sup. Ct. 2016), stated "We hold only that a borrower who has

suffered a nonjudicial foreclosure does not lack standing to sue for wrongful foreclosure based

on an allegedly void assignment merely because he or she was in default on the loan and was not

a party to the challenged assignment."

52. The decision by the California Supreme Court in Yvanova v. New Century Mortgage,

supra, was clear that the homeowner has a right to know who the actual assignee of their note

when they stated as follows:

**Nor is it correct that the borrower has no cognizable interest in the identity of the party enforcing his or her debt. Though the borrower is not entitled to object to an assignment of the promissory note, he or she is obligated to pay the debt, or suffer loss of the security, only to a person or entity that has actually been assigned the debt.** (See *Cockerell v. Title Ins. & Trust Co., supra,* 42 Cal.2d at p. 292 [party claiming under an assignment must prove fact of assignment].) The borrower owes money not to the world at large but to a particular person or institution, and only the person or institution entitled to payment may enforce the debt by foreclosing on the security. [Page 22]  [Emphasis added.]

53. BROKERS SOLUTIONS INC. DBA NEW AMERICAN FUNDING's actions were

unlawful in acting to foreclose as an assignee, when they do not provide financing for

homeowners directly from their status as a financial institution as a bank would, instead they sell

all of their loans as they did with mine and then they refused to answer any questions regarding

the assignee of the loan as required under Title 15 USC §§ 1641(f) and 1641(g)

54. The ruling in Yvanova v. New Century Mortgage, supra makes it clear that the

homeowner has standing to file wrongful foreclosure against a stranger to the transaction, as

follows:

> In seeking a finding that an assignment agreement was void, therefore, a
> plaintiff in Yvanova's position is not asserting the interests of parties to the
> assignment; **she is asserting her own interest in limiting foreclosure on her
> property to those with legal authority to order a foreclosure sale**. This, then, is
> not a situation in which standing to sue is lacking because its —sole object . . . is
> to settle rights of third persons who are not parties.‖ (*Golden Gate Bridge etc.
> Dist. v. Felt* (1931) 214 Cal. 308, 316.) [Page 21]  [Emphasis added.]

## THIRD CAUSE OF ACTION
### Wrongful Foreclosure

**Against BROKERS SOLUTIONS, INC., DBA NEW AMERICAN FUNDING,
EARTHSCAPE INVESTMENTS, LLC**

55. All of the above Paragraphs of this Complaint are hereby incorporated by reference as though fully set forth herein.

56. BROKERS SOLUTIONS, INC. DBA NEW AMERICAN FUNDING has committed an act of deception by deliberately circumventing the law regarding disclosure of the assignee of a note and deed of trust. This table funder is not a lender, they are a table funder, while selling their loans to third parties. In Yvanova v. New Century Mortgage, supra, the California Supreme Court stated:

> Nor is it correct that the borrower has no cognizable interest in the identity of the party enforcing his or her debt. Though the borrower is not entitled to object to an assignment of the promissory note, he or she is obligated to pay the debt, or suffer loss of the security, only to a person or entity that has actually been assigned the debt. (See *Cockerell v. Title Ins. & Trust Co., supra,* 42 Cal.2d at p. 292 [party claiming under an assignment must prove fact of assignment].) The borrower owes money not to the world at large but to a particular person or institution, and only the person or institution entitled to payment may enforce the debt by foreclosing on the security. [Page 22]

57. The courts in California have consistently ruled that an alleged lender cannot move forward with a foreclosure sale when they lack an interest of record, which is the case with BROKERS SOLUTIONS, INC. dba NEW AMERICAN FUNDING. As discussed, they are not a bank and must sell all of the loans to third parties like Fannie Mae and Freddie Mac, which is stated prominently on their website, see **Exhibit C**, attached and incorporated by reference.

58. The appeals courts in California have affirmed this doctrine that an alleged lender cannot foreclose without having first acquired an assignment of the note and deed of trust. This includes the Ninth Circuit Court of Appeals cite found below, as follows:

Because ING lacked an interest of record, it was not authorized to proceed with the foreclosure sale under § 2932.5, rendering the sale void. *Dimock v. Emerald Properties,* 81 Cal.App.4th 868, 874, 97 Cal. Rptr.2d 255 (2000) (sale under deed of trust by former trustee *void,* and tender of the amount due is unnecessary); Bank of America, NA v. La Jolla Group II, 129 Cal. App. 4th 706, 28 Cal.Rptr.3d 825.

[NINTH CIRCUIT CASE FOUND BELOW]

To reevaluate whether § 2932.5 concerns both mortgages and deeds of trust, the Court has carefully considered the "intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance ..." to attempt to determine how the California Supreme Court would rule. *Lewis v. Tel. Employees Credit Union,* 87 F.3d 1537, 1545 (9th Cir.1996). The Court remains convinced that the highest court in this state would hold that § 2932.5 requires an assignee trust deed beneficiary to record its interest before it non-judicially forecloses.

59. BROKERS SOLUTIONS, INC. dba NEW AMERICAN FUNDING through a corporation in Idaho, see Exhibit D, attached and incorporated by reference, knowingly made the following false representations to me, Andrew Lloyd Barker, with the intent to deceive me and thereby assume the posture of an assignee, even though they sell all of their loans and do not retain ownership or possession of these loans.

60. BROKERS SOLUTIONS, INC. dba NEW AMERICAN FUNDING, through the mortgage Broker, in bad faith and with intent to defraud me, Andrew Lloyd Barker, have knowingly made false and misleading representations and omissions of material facts, in order to

obtain a recording of a false and fraudulent recording of the Assignment of Deed of Trust, Notice of Default, Notice of Trustee's Sale and Trustees Deed Upon Sale.

61. BROKERS SOLUTIONS, INC. dba NEW AMERICAN FUNDING intended to deceive, me, Andrew Lloyd Barker and third parties and induced us to rely on its misrepresentations and omissions of material fact.

62. Richard Pitts, Jr. and his wife Sandra L. Pitts justifiably relied on BROKERS SOLUTIONS, INC. dba NEW AMERICAN FUNDING's false and misleading statements.

63. Due to the acts of fraud of BROKERS SOLUTIONS, INC. dba NEW AMERICAN FUNDING, I, Andrew Lloyd Barker am due compensatory and punitive damages, and any other relief this Court deems proper. I ask for further relieve in accordance with law.

# FOURTH CAUSE OF ACTION

Action to Quiet Title

**Against BROKERS SOLUTIONS, INC., DBA NEW AMERICAN FUNDING, EARTHSCAPE INVESTMENTS, LLC**

64. The Plaintiff does hereby incorporate by reference all of the previous paragraphs presented in this claim as if fully incorporated herein.

65. The Defendants engaged in overt acts of deception, claiming to be the holder in due course, and the owner of the note and deed of trust for the subject property, without a properly recorded Assignment of the Deed of Trust and chain of title to whoever BROKERS

SOLUTIONS, INC. DBA NEW AMERICAN FUNDING sold their loan to. It must be

emphasized that this Defendant is not a bank and cannot loan money. They are also not a

hard money lender. They sell their loans primarily to GSE lenders, such as Freddie Mac.

They have not revealed who the actual assignee is from the original lender and have failed to

disclose the Assignee of the Barker loan when asked in writing under Title 15, US Code §

1641(f).

66. They are without any chain of title for their alleged claim to ownership of the note

and deed of trust. This makes the Substitution of Trustee, the Notice of Default and the

Notice of Sale void ab-intio. It has been conclusively demonstrated that the Andrew Barker

loan was sold, based upon their website, see **Exhibit C**, attached and incorporated by

reference. As a result, the above three documents, the Assignment of Substitution of Trustee,

the Notice of Default and the Notice of Trustee's Sale are void and must be declared as void

as a matter of law. The Defendant EARTHSCAPE INVESTMENTS, LLC has purchased the

subject property from a trustee who was appointed by BROKERS SOLUTIONS, INC. DBA

NEW AMERICAN FUNDING, who has no standing and capacity to appoint a Substitute

Trustee as a stranger to the transaction as a non-assignee. Consequently, EARTHSCAPE

INVESTMENT, INC. purchased the subject property from a trustee that lacks standing and

capacity.

67. I ask the court to quiet title to the subject property, described below, because the

Defendants have no security interest or other interest in the subject property. The Defendants

are claiming to have a competing interest in the subject property, which is defective, and void

of any validity what-so-ever for reasons previously stated and discussed above. I require the

magistrate to honor and uphold the following rulings by the California Court of Appeals,

Onofrio v. Rice, 55 Cal App 4th 413, at 424 (1997), Stockton v. Newman, 148 Cal App 2d

558, at 564 (1957); "Lona v. Citibank, N.A., 134 Cal. Rptr. 3d 622, 633 (Cal. Ct. App. 2011), which states that the Plaintiff in an action to Quiet title does not have to tender payment when the Plaintiff is challenging the validity of the debt.

68. The Defendant BROKERS SOLUTIONS, INC. DBA NEW AMERICAN FUNDING does not have a valid claim as a creditor because they have prepared and recorded a document, the Assignment of Deed of Trust, which contains false statements that they are the assignee of the Deed of Trust and completely misrepresents their status as an assignee, while their Website acknowledges the fact that they sell their loans to third parties, primarily Freddie Mac, Fannie Mae and Ginnie Mae. Furthermore, everyone in the mortgage industry considers them a table funder. They are not a state chartered or federally chartered bank. They do not have money to loan, since they are not affiliated with the Federal Reserve.

69. As a result, they cannot be the owner or the holder-in-due-course of any of the loan documents that I signed with them. This claim as an assignee is not only a false statement and amounts to fraudulent misrepresentation but is also a violation of Title 15 US Code § 1641(f), as discussed above. All subsequent documents, recorded, including, but not limited to the Notice of Default, the Notice of Trustee's Sale, and the Trustees Deed Upon Sale all falsely misrepresent BROKERS SOLUTIONS, INC. DBA NEW AMERICAN FUNDING as an assignee of the note, regardless, they are not the assignee of the note and Deed of Trust, because they sell all of their loans as soon as they receive the loan documents. It appears that they sell all of their notes to Freddie Mac, Fannie Mae and Ginnie Mae.

70. The above-captioned action alleges a real property claim affecting certain real property that is situated in Los Angeles -county, California, and that is described as follows;

The land referred to herein is situated in California, one of the Several States of the union of states known as the United States of America, Los Angeles County and The City of Los Angeles, and is described as follows:

The land referred to is situated in Los Angeles County, The City of Los Angeles, the State of California, and is described as follows:

Lot 46 in Block B, The McCarthy Company's Main Street and Moneta Avenue Tract, in the City of Los Angeles, Loas Angeles County, the State of California, as per map recorded, in Book 6, Page 113 of maps, in the Office of the County Recorder of said county. APN 5110-024-017

The above-described land and improvements are commonly known as 155 51st Street Los Angeles, California.

71. I, Andrew Lloyd Barker, the Plaintiff am entitled to quiet the title to the subject property in my name exclusively, and against the claims of all Defendants, based upon the foregoing, in accordance with California law. I seek an order quieting the title to the subject property in my name only and exclusively in this civil action.

# FIFTH CAUSE OF ACTION

Action of Trespass, Trespass Quare Clausum Fregit

**Against BROKERS SOLUTIONS, INC., DBA NEW AMERICAN FUNDING, EARTHSCAPE INVESTMENTS, LLC**

72. The Plaintiffs do hereby incorporate by reference all of the previous paragraphs presented in this claim as if fully incorporated herein.

73. At common law, the action of trespass was restricted to a direct invasion, and on proof thereof, the Defendant was strictly liable regardless of negligence. For an indirect invasion, the proper action was "on the case," and the doctrine of strict liability did not apply. However, in this state the distinction between direct and indirect invasions is not recognized, see Cal Jur 3d Trespass, Page 432; Gallin v. Poulou, (First Dist., 1956) 140 Cal. App. 2d 638.

74. **It has been said by the California Supreme Court that every wrongful invasion of the rights of another in real property from which damage results is an act from which an action of trespass may be maintained, see Cal Jur 3d,** McLeod v. Fox West Coast Theaters Corporation, (Calif. Sup. Ct., 1937) 10 Cal 2d 383 74 P 2d 276. **A trespass need not take the form of a personal entry on the property by the wrongdoer, see Starrh and Starrh Cotton Growers, v. Aera Energy, LLC, (Fifth Dist., 2007) 153 Cal. App 583, 63 Cal. Rptr. 3d 165. A trespass is the unlawful interference with the possession of property, and a trespass cause of action protects the possessory interest in land from such unlawful interference, see Hernandez v. Lopez, (Fourth Dist., 2009) 180 Cal App. 4th 982. See also Am Jur 2d 75, §§ 1 and 2, at Page 14. As a result, we are filing this as an Action of Trespass.**

75. The Plaintiff does hereby aver and State the following: The Defendants are the causal agents of the trespass on the case because they do not have a verified claim and do not have any evidence of any ownership of the loan that is the subject of this complaint. The Defendant, BROKERS SOLUTIONS, INC. DBA NEW AMERICAN FUNDING are not assignees of the subject note and deed of trust and have supplied no admissible evidence that they are assignees of said note and deed of trust, nor do they have any documented

enforceable interest in the subject loan except for hearsay, in violation of the rules of the common law and the rules of evidence.

76. The Defendants continue to trespass on the property of the Plaintiffs by demanding payment of a debt for which they are strangers to the transaction and not lawfully entitled to payment of money or property. ***They have held a foreclosure sale without lawful authority based upon the flawed and defective paperwork I commented on above, including the flawed Assignment of Deed Of Trust****. These actions by the Defendants are an unlawful interference with my possessory interest in the subject property, See AM Jur 2d, 75, § 4, page 16; Keesecker v. Bird, 200 W. Va. 667, 490 S.E. 2d 754.*

77. They seek exclusive right, title and interest in the subject property as strangers to the transaction with unverified claims. They have only a *defective recorded appointment of the trustees for* the subject loan and do not meet the REQUIREMENTS UNDER THE COMMON LAW. This is a **TRESPASS QUARE CLAUSUM FREGIT**. This is a remedy, which lies to recover damages when the defendant has unlawfully and wrongfully trespassed upon the land, home and real estate of the plaintiff. *The flawed documents make the attempted foreclosure a conversion, see Bouvier's Law Dictionary, 1856.*

78. The Defendants are attempting to acquire the subject property by way of a defective and unverified claim, with a flawed and defective written assignment that is alleged to be from the original lender, however it is executed by a third party, who is misrepresenting herself as a MERS executive. The Plaintiff seeks Declaratory relief in the nature of an order of cease and desist and an order stating that the Defendants do not have any right, title or interest in the subject property, as stated above.

79. By the doctrine of laches and by tacit admission, as stated above, they do not have any valid claim to collect any further, even if they could supply verification of their claims,

assuming that their unverified claims were valid. The Defendant BROKER SOLUTIONS,

INC. DBA NEW AMERICAN FUNDING are trespassers because of abuse of legal process

and are presenting themselves as mortgage creditors even though they are not mortgage

creditors because of the false representations discussed above. The Defendant

EARTHSCAPE INVESTMENTS, LLC has purchased the subject property from a trustee

who was appointed by BROKERS SOLUTIONS, INC. DBA NEW AMERICAN

FUNDING, who has no standing and capacity to appoint a Substitute Trustee as a stranger to

the transaction as a non-assignee. Consequently, EARTHSCAPE INVESTMENT, INC.

purchased the subject property from a trustee that lacks standing and capacity. The

Defendants are causal agents of the trespass because of the broken chain of title and the

failure to disclose the identity of the assignee.

80. A man is a trespasser by his own direct action when he acts without any excuse; or he

may be a trespasser in the execution of a legal process in an illegal manner; 1 Chit. Pl. 183: 2

John. Cas. 27; or when the court has no jurisdiction over the subject-matter when the court

has jurisdiction but the proceeding is defective and void; when the process has been

misapplied, as, when the defendant has taken A's goods on an execution against B; when the

process has been abused 1 Chit. Pl. 183-187 in all these cases a man is a trespasser ab initio.

And a person capable of giving his assent may become a trespasser, by an act subsequent to

the tort. If, for example, a man takes possession of land for the use of another, the latter may

afterwards recognize and adopt the act; by so doing, he places himself in the situation of one

who had previously commanded it, and consequently is himself a trespasser, if the other had

no right to enter, nor he to command the entry. 4 Inst. 317; Ham. N. P. 215. Vide 1 Rawle's

R. 121.

Bouvier's Law Dictionary, 1856. ***Please note this is not a convoluted explanation of***

*the rationale and legal foundation for the Action of Trespass as suggested by the*

*magistrate. It is derived from Cal Jur and Bouvier's Law Dictionary. Force and*

*violence will be used by the Defendants if a mortgage foreclosure occurs, when the*

*Sheriff is used to enforce the wrongful actions of foreclosure.*

# SIXTH CAUSE OF ACTION

Action of Trover

**Against BROKERS SOLUTIONS, INC., DBA NEW AMERICAN FUNDING, EARTHSCAPE INVESTMENTS, LLC**

81. The Plaintiffs do hereby incorporate by reference all of the previous paragraphs in this claim as if fully incorporated herein.

82. The Defendants are seeking possession of the subject property by way of a flawed and defective document, and Assignment of Deed of Trust, which is void and unenforceable, see Yvanova v. New Century Mortgage, supra. Please see also, **Exhibit D**, attached and incorporated by reference, a copy of the flawed and defective assignment of the deed of trust.

83. The Defendants seek title to the subject property even though they have not been assigned the mortgage as discussed above. and by way of the flawed and defective Deed of Trust, as discussed above, which if successfully obtained will give them flawed and defective and fraudulent title to the property as a stranger to the transaction as discussed above. Consequently, the Defendants are the causal agents of the trover, having sold the note and Deed of Trust to a third party without full disclosure as required under Title 15 US Code, §§ 1641(f) and 1641(g). The Defendants do not have a lawful claim to title to the subject property, for reasons previously stated.

ADVERSARY PROCEEDING Page 34

84. The law does not allow title to be granted to someone with unverified claims. **And it has been decided that trover lies for title deeds; 2 Yeates, R. 537; and for a copy of a record. Hardr. 111. Vide 2 T. R. 788; 2 Salk. 654; 2 New Rep. 170; 3 Campb. 417; 3 Johns. R. 432; 10 Johns. R. 172; 12 Johns. R. 484; 6 Mass. R. 394; 17 Serg. & Rawle, 285; 2 Rawle, R. 241. The above references are from Bouvier's Law Dictionary, 1856 Edition. The Fourth Amendment prohibits any claims to result in the issuance of a court order unless the claimant has verified their claim with an oath or affirmation, see Ex Parte Burford 7 US 448 (1806); Kalina v. Fletcher, 552 US 118 (1997); Soldal v. Cook County, Illinois, 506 U.S. 56, 113 S. Ct. 538, (1992); 121 L. Ed 450.**

85. I seek a court order of cease and desist ordering the Defendants to stand down and cease any and all attempts to collect the mortgage debt without an actual assignment of the note and deed of trust executed by the original lender. The Defendants do not have any right, title or interest in the subject property based upon the foregoing and especially where they have recorded flawed and defective documents that forms the foundation for their claim for ownership of the subject property. The flawed and defective Deed of Trust described above, gives us further documentation of the Defendants flawed and deceptive claim to ownership of the promissory note and deed of trust, as discussed above.

### IX.     PRAYER FOR RELIEF

86. WHEREOF, **pursuant to the statutes at Title 15 US Code, Sections 1640 et seq and 1641 et Seq. , Plaintiffs request judgment against all named Defendants as follows:**

1.     **That this Honorable Court** *liberally* **construe the TILA laws enumerated above-herein.**

2.    That all Defendants and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from evicting the Plaintiff from his home;

3.    That all Defendants be required to account for all gains, profits, and advantages derived from their violation(s) of applicable State and federal law(s);

4.    That judgment be entered for Plaintiffs and against all Defendants for Plaintiffs' actual damages, and for any gains, profits, or advantages attributable to all violations of the TILA Laws according to the best available proof;

5.    That all Defendants pay to Plaintiffs all damages sustained by Plaintiffs in consequence of Defendants' several violations of the TILA Laws according to the best available proof;

6.    That all Defendants pay to Plaintiffs Their costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement, and all reasonable attorneys' fees;

7.    That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [*sic*], for the benefit of Plaintiffs, Their heirs and assigns;

8.    Ordering Defendants to pay the amounts petitioned for in the First Cause of Action for the Claims for the violation of the TILA violation and other provisions of Federal law cited in that section;

9.      Awarding pre- and post-judgment interest on the monies wrongfully obtained from the date of collection through the date of entry judgment in this action;

10.     An order to quiet Title and declaring the Defendants' foreclosure on Plaintiffs' property void;

11.     For a determination as to whether the acts of the Defendants are violative of the Hobbs Act (18 U.S.C. § 1951), which prohibits actual or attempted robbery or extortion affecting interstate or foreign commerce, and also conspiracy to violate (18 U.S.C. § 1951) at §371, "which proscribes conspiracy to commit robbery or extortion without reference to the conspiracy statute";

12.     For a determination as to sanction or additional monetary award to Plaintiffs from Defendants for violating 18 U.S.C. § 1001 — Statements or entries generally; (2) 18 U.S.C. § 1010 — HUD and Federal Housing Administration transactions; (3) 18 U.S.C. § 1014 — Loan and credit applications generally; (4) 18 U.S.C. § 1028 — Fraud and related activity in connection with identification documents; (5) 18 U.S.C. § 1341 — Frauds and swindles by mail; (6) 18 U.S.C. § 1342 — Fictitious name or address; (7) 18 U.S.C. § 1343 — Fraud by wire; and (8) 18 U.S.C. § 1344 — Bank Fraud. See FBI Mortgage Fraud Notice (available at http://www.mbaa.org/FBIMortgageFraudWarning.htm); see, also, Truth in Lending Act, title I of the Consumer Credit Protection Act, as amended, 15 U.S.C. § 1601 et seq. More importantly, see the U.S. Supreme Court holding in Carpenter v. Longan, Supra, as discussed.

13.    For an order to show Plaintiffs, in their capacity as Private Attorneys General, how their complaint is deficient, how to correct said deficiency, and thereafter grant them leave to file an amended complaint; and

14.    For such other and further relief and monetary sanctions against the Defendants for fraud as this Honorable Court deems just and proper under the circumstances of this case.

15.    I ask for $50,000.00 for punitive damages for oppression, fraud and malice from BROKERS SOLUTIONS, INC, DBA NEW AMERICAN FUNDING, since they knew or should have known that there are numerous violations of the Truth In Lending Act and their either knew or should have known that they do not have standing to foreclose, and they are foreclosing on Andrew Lloyd Barker, without lawful standing, as a stranger to the transaction.


XI.   DEMAND FOR A TRIAL BY JURY

87.    Plaintiffs hereby demand a trial by Jury of their claims by jury to the extent authorized by law.


Dated:    August _____ 2022

By:_____

1
2
3
## VERIFICATION
4
5   I have read the **Adversary Proceeding** and know the contents thereof to be true; and the same
6   is true of my own knowledge, except to the matters, which are therein stated on my
7   information and belief, and as to those matters, I believe them to be true. The foregoing is true,
8   correct, complete and not misleading.
9
10  Sealed by the voluntary act of my own hand on this _____ 20ᵗʰ _____ day of the  August
11  _____ month, in the Year of our Lord, two thousand and twenty-two.
12
13  _____
14  Andrew Lloyd Barker
15
16
17
18
19
20
21
22
23
24
25
26
27
28  _____

ADVERSARY PROCEEDING Page 39

1

2

3                        **EXHIBITS LIST**

4    **EXHBIT A**                **COPY OF THE WRITTEN REQUESTS FOR THE NAME

5                                AND ADDRESS OF THE ASSIGNEE OF THE BARKER
                                LOAN**
6
     **EXHIBIT B**                **ASSIGNMENT OF DEED OF TRUST**
7

8    **EXHIBIT C**                **SECTION OF THE MAIN WEBPAGE FOR
                                BROKERS SOLUTIONS, INC. DBA NEW AMERICAN**
9                                **FOUNDATIONS**

10   **EXHIBIT D**                **COPY OF THE ASSIGNMENT OF DEED OF TRUST,

11                               NOTICE OF DEFAULT, NOTICE OF TRUSTEES SALE,
                                TRUSTEES DEED UPON SALE**
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| ANDREW LLOYD BARKER<br>*On behalf of the estate of Andrew Lloyd Barker ALB* | BROKER SOLUTIONS INC. DBA NEW AMERICAN FUNDING, EARTHSCAPE INVESTMENTS, LLC, LA COUNTY SHERIFF |
| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☒ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor       ☐ Other<br>☐ Trustee | ☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor       ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

DECLARATORY AND INJUNCTIVE RELIEF UNDER TITLE 28 US CODE § 2201 AND 2202, TITLE 15 US CODE § 1641(f), Action to Quiet Title, Action Of Trover, Wrongful Foreclosure, Breech of Fiduciary Duty, Action of Trespass

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other    *3*

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment    *4*

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court
    if unrelated to bankruptcy case)

RECEIVED SEP 01 2022 CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY: Deputy Clerk

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR ANDREW LLOYD BARKER | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE  8/20/2022 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)  Andrew Lloyd Barker | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.